**Motion Granted; Affirmed and Memorandum Opinion filed April 16, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-01003-CV

## IN THE INTEREST OF D.T. JR., A CHILD

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-00284JA**

## M E M O R A N D U M   O P I N I O N

Appellant, A.G., appeals a final decree signed November 21, 2014, terminating her parental rights to the child who is the subject of this suit. Appellant filed a timely notice of appeal. Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). The *Anders* procedures are applicable to an appeal from the termination of parental rights when an appointed attorney concludes that there are

no non-frivolous issues to assert on appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

A copy of counsel's brief was delivered to appellant. Appellant was advised of her right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *In re D.E.S.*, 135 S.W.3d at 329-30. In addition, a copy of the appellate record was provided to appellant and she was advised that if she wished to file a response to counsel's *Anders* brief, any response was required to be filed on or before April 6, 2015. No pro se response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.